**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6421**

CLIFTON DONELL LYLES,

Plaintiff - Appellant,

v.

BRYAN STIRLING; RICHARD CATHAREN; GARY LEAMON; COACH
SPEIGHT; SALLEY ELLIOTT; KOURTNEY BLACK,

Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Florence.
Sherri A. Lydon, District Judge. (4:18-cv-02935-SAL)

Submitted: September 25, 2020                    Decided: February 11, 2021

Before GREGORY, Chief Judge, and THACKER and RICHARDSON, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Clifton Donell Lyles, Appellant Pro Se. David Cornwell Holler, Sumter, South Carolina,
Shanon N. Peake, SMITH ROBINSON HOLLER DUBOSE & MORGAN, LLC,
Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clifton Donell Lyles appeals the district court's order adopting the magistrate judge's recommendation and denying relief on his 42 U.S.C. § 1983 complaint. As to Lyles' claim that prison officials denied him access to the courts, we have reviewed the record and find no reversible error. Thus, we affirm this portion of the district court's order. However, as to Lyles' Eighth Amendment claim concerning the denial of out-of-cell exercise and receiving only one shower a week, we vacate the district court's order and remand for further proceedings.

We "review[] de novo [a] district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

Lyles contends that the denial of out-of-cell exercise, combined with limiting inmates during a lengthy lockdown to one shower a week, amounted to unconstitutional

2

conditions of confinement. "The Eighth Amendment's prohibition on cruel and unusual punishments imposes certain basic duties on prison officials . . . . includ[ing] maintaining humane conditions of confinement." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016) (citation and internal quotation marks omitted). To establish an Eighth Amendment violation, "a prisoner must prove (1) that the deprivation of a basic human need was *objectively* sufficiently serious, and (2) that *subjectively* the officials acted with a sufficiently culpable state of mind." *De'lonta v. Johnson*, 708 F.3d 520, 525 (4th Cir. 2013) (alterations and internal quotation marks omitted).

Absent exceptional circumstances, "complete deprivation of exercise for an extended period of time violates Eighth Amendment prohibitions against cruel and unusual punishment." *Mitchell v. Rice*, 954 F.2d 187, 191 (4th Cir. 1992). In considering the totality of the circumstances surrounding the denial of exercise, we look at the "overall duration of incarceration, the length of time for which prisoners are locked in their cells each day, and the practical opportunities for the institution to provide prisoners with increased exercise opportunities." *Id.* (alteration and internal quotation marks omitted). However, to establish an Eighth Amendment claim, not only must an inmate have suffered a serious deprivation, but he must also show "a serious or significant physical or emotional injury resulting from the challenged conditions, or substantial risk thereof." *De'lonta*, 708 F.3d at 525 (internal quotation marks omitted); *see also Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995).

Lyles also argues that the denial of out-of-cell exercise amounted to an Eighth Amendment violation in light of a doctor's order to increase his exercise after he was

3

diagnosed with prediabetes. We apply a similar standard in analyzing this claim. To establish an Eighth Amendment claim concerning the denial of medical care, Lyles had to demonstrate Defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This claim also has an objective and subjective component. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). On the objective prong, a plaintiff must establish he had a serious medical need, defined as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 210 (4th Cir. 2017) (internal quotation marks omitted).

As for the subjective component, "[a]n official is deliberately indifferent to an inmate's serious medical needs only when he or she subjectively knows of and disregards an excessive risk to inmate health or safety." *Jackson*, 775 F.3d at 178 (internal quotation marks omitted). Mere negligence or medical malpractice does not constitute deliberate indifference. *Estelle*, 429 U.S. at 106; *Jackson*, 775 F.3d at 178. Moreover, an inmate's mere disagreement regarding the proper course of treatment provides not basis for relief. *Jackson*, 775 F.3d at 178. Rather:

> [t]o show an Eighth Amendment violation, it is not enough that an official *should* have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction.

*Id.* This subjective component of the analysis "sets a particularly high bar to recovery." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

4

Applying these standards, we conclude that the district court erred in granting summary judgment to the prison officials. Lyle stated that he could not adequately perform in-cell exercise because he was housed with another inmate, that his cell was too small to do the exercises given to him, and he could not shower after exercising. Lyles offered alternatives, such as a transfer to a housing unit that was not on lockdown or allowing him to shower after exercising. Furthermore, the lockdown lasted for more than 10 months. Thus, although Lyles' dietary choices were less than ideal for someone with prediabetes, we conclude that the record does not support the conclusion that it was solely his fault that his health issues worsened during the lockdown.

Construing this evidence in the light most favorable to Lyles, we conclude that there is a genuine dispute of material fact as to whether the denial of out-of-cell exercise and showers violated the Eighth Amendment. Prison officials do not rebut Lyles' evidence that he was denied out-of-cell exercise for over 10 months. We have previously vacated a lower court's dismissal of an inmate's Eighth Amendment claim based on a limitation to two exercise periods and two showers each week while in solitary confinement over a period of years. *See Sweet v. S.C. Dep't of Corr.*, 529 F.2d 854, 860 (4th Cir. 1975) (en banc). And we recently found that a district court erred in granting summary judgment to prison officials where an inmate raised a similar claim concerning the denial of showers and exercise. *See Rivera v. Mathena*, 795 F. App'x 169, 174-76 (4th Cir. 2019) (No. 18-6615). Denying an inmate out-of-cell exercise for 10 months is objectively serious under the Eighth Amendment. *See Mitchell*, 954 F.2d at 191; *see also Allen v. Sakai*, 48 F.3d 1082,

1087-88 (9th Cir. 1994). Moreover, the record shows that Lyles gained weight, his cholesterol levels increased, and he went from having prediabetes to diabetes.

We further determine that prison officials were aware of the risk to Lyles. It is well-understood that "some form of regular outdoor exercise is extremely important to the psychological and physical well being of . . . inmates." *Shorter v. Baca*, 895 F.3d 1176, 1185-86 (9th Cir. 2018). The doctor issued an order for Lyles to increase his exercise. Lyles filed numerous grievances regarding the denial of exercise and offered suggestions to prison officials for alternative arrangements. While Defendants claimed that Lyles could exercise in his cell, they only offered Lyles one shower a week, presenting him with a choice of trying to improve his health or preserving his personal hygiene.

Therefore, we affirm the district court's order in part, vacate in part, and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*